JONATHAN A. TRULL *vs.* WILLIAM A. HOWLAND.

**An** action will not lie against an officer who arrests Jonathan A. Trull on an execution against George A. Trull, the former being the real defendant, and having been served with the original process, by the same erroneous name, but having suffered judgment by default.

TRESPASS for assault and battery, and false imprisonment. The defendant, by virtue of an execution in favor of Albert Brown, against George A. Trull, arrested the plaintiff and committed him to gaol.

The defendant offered to show that said execution was delivered to him as one of the constables of the city of Worcester, to whom it was directed, to be duly served; that the judgment upon which said execution issued, was rendered in a suit commenced by said Albert Brown against the plaintiff, wherein the plaintiff was called *George* A. Trull; that the plaintiff owed to Brown the debt, for the recovery of which said suit was commenced and prosecuted; that the writ sued out by Brown, was intended to be, and was in fact against the plaintiff for the recovery of said debt; that said writ wherein the plaintiff was called by the name of George A. Trull, was duly served upon the plaintiff, and after such service, was duly entered before John A. Dana, Esquire, a justice of the peace, before whom the same was returnable; that being so entered, and the defendant in said action not appearing, and no person appearing in his behalf, the said justice after duly calling George A. Trull, entered up judgment for said Brown upon the default of the defendant in said action, and afterward duly issued the execution aforesaid; and that said execution was in fact issued against the plaintiff by the name of George A. Trull.

In the court of common pleas *Merrick*, J. ruled that these facts showed a legal justification for the arrest, and constituted a good defence to this action. The plaintiff alleged exceptions.

*G. F. Hoar*, for the plaintiff.

1. At common law it is well settled that he who causes another to be arrested by a wrong name is a trespasser, even if the process was intended to be against the person actually arrested. *Melvin* v. *Fisher*, 8 N. Hamp. 406; *Cole* v. *Hindson*, 6 T. R. 234; *Shadgett* v. *Clipson*, 8 East, 328; *Crawford* v. *Satchwell*, 2 Str. 1218; *Morgans* v. *Bridges*, 1 B. & Ald. 647; *Wilks* v. *Lorck*, 2 Taunt. 399; *Scandover* v. *Warne*, 2 Camp. 270; *Delanoy* v. *Cannon*, 10 East, 328; *Dring* v. *Dickenson*, 11 East, 235; *King* v. *Sheriff of Surry*, 1 Marsh. 75.

Trull *v.* Howland.

2. Under Rev. Sts. *c.* 90, § 54, it should appear that the plaintiff did not know the true name of the defendant, and had used due diligence to find it out. Report of Commissioners to Rev. Sts. *c.* 90, § 49, n.

The remark of the judge in *Fitzgerald* v. *Salentine*, 10 Met. 436, was not necessary to the decision of the case, and is not warranted by the authorities. *Boyden* v. *Hastings*, 17 Pick. 200; *Commonwealth* v. *Perkins*, 1 Pick. 388; *Commonwealth* v. *Hall*, 3 Pick. 262; *Slasson* v. *Brown*, 20 Pick. 436; *Binfield* v. *Maxwell*, 15 East, 159; 1 Chitty's Pl. 249–50; 1 Tidd's Pr. 582, and note.

*J. W. Wetherell*, for the defendant.

Dewey, J. · This case does not present the question of liability of an officer for arresting on mesne process, a party whose true name does not correspond with the name set forth in the process. The cases cited by the plaintiff's counsel were generally of that character. That of *Cole* v. *Hindson*, 6 T. R. 234, and which is the strongest case cited in behalf of the plaintiff, was however an action of trespass for taking and carrying away the plaintiff's goods under a *distringas* to compel an appearance to an action, the " party having neglected to appear on a summons served upon him, but describing him by a wrong christian name," and it was held the action of trespass might well be maintained. The distinction to be taken between that case and the case of *Crawford* v. *Satchwell*, 2 Strange, 1218, seems to have passed unnoticed in the case of *Smith* v. *Bowker*, 1 Mass. 80, viz; that in the case in Strange, the party who was sued by his wrong name had appeared and pleaded to the writ, and thus waived all objections that might have been taken by plea in abatement.

That distinction materially affects the case of *Crawford* v *Satchwell*, as an authority in cases of judgment by default.

The present case has these elements, viz : the demand sued in the original action, upon which this execution was issued, was the debt of the present plaintiff, and the writ was in fact duly served on him, and the proceeding was intended to be against him, and the only error was in giving him a wrong christian name. The present plaintiff did not appear, and

judgment was rendered by default, and the execution was issued against the plaintiff by the wrong christian name inserted in the writ.

Treating the case as a mere misnomer in a writ properly served upon the party, the objection is one that should have been taken by plea in abatement. In the elementary books it is said that misnomer is pleadable only in abatement. Gould Plead. 260; 1 Chitty Plead. 440.

The view heretofore taken, by this court, of mistakes like the present, has, it is quite obvious, been that if the party permitted the case to proceed to judgment and execution, without such plea in abatement, it was a waiver of the error, and the execution might be enforced against the party upon whom the original process was served. Thus in the case of *Smith* v. *Bowker,* 1 Mass. 76, where the party was described as Aaron Smith, of *Orange,* in the writ, but the same was duly served on Aaron Smith, of *Athol,* it was held that the officer might properly levy the execution on a judgment rendered by default thereon, upon the property of Aaron Smith, of *Athol.* The ground there taken was, if the party is not properly described in the writ, he should take advantage of the mistake by a plea in abatement.

In *American Bank* v. *Doolittle,* 14 Pick. 123, where the christian name of a trustee was misdescribed, the court said if he had appeared, the process would have been amendable, and if he had not, he might be charged upon a *scire facias,* setting forth the facts.

In *Fitzgerald* v. *Salentine,* 10 Met. 437, which was an action brought on a judgment, it was said by Mr. Justice Hubbard in delivering the opinion of the court, that if the case turned merely " upon the question of misnomer of the defendant in the original action, we should think he could not successfully defend against the suit, because a mere misnomer must be pleaded in abatement." The real objection there was, that the party intended to be made such, was not actually served with process at all. In *Root* v. *Fellows,* 6 Cush. 29, which was an action on a judgment against Fellows and —— Day, omitting his christian name, the court say the omission of the

Trull *v.* Howland.

christian name of Day was a matter which he might have pleaded in abatement, but as he suffered judgment to go against him without objection to the misnomer, an execution on that judgment issued against him on the same defective description, would have been valid and might have been legally enforced. Such seems to be the current of judicial authority as to the time and mode of taking exceptions to a misnomer where the service is actually made on the proper party.

It may be difficult to draw the line with precision between cases which are to be held of no validity by reason of entire failure to describe the party, and those which are properly cases of misnomer, or erroneous description of a part of the name of the defendant.

The present case, it seems to us, falls clearly within the cases of mistake in the christian name of a party, and if relied upon as a defence, should have been taken by a plea in abatement to the action, and if not taken, is waived.

If it be not so, then no occasion can exist for a plea in abatement for misnomer, for the party may always safely omit to enter his appearance and suffer judgment to go by default, knowing that the judgment cannot be enforced, and that the levy of the execution will be a trespass upon his property or person.

The cases of omissions of the middle name, which may more frequently occur, would, upon the ground taken by the counsel for the plaintiff, be fatal to the validity of a judgment by default, and if levied on the party intended to be sued, would subject the officer to an action for trespass.

The cases of *Commonwealth* v. *Perkins*, 1 Pick. 388, and *Commonwealth* v. *Hall*, 3 Pick. 262, both held that the middle name is an essential part of the name, and its omission a misnomer, and a fatal defect, if properly objected to.

In cases like the present, of mere mistake in the christian name, where there has been an actual service upon the party intended, and the debt sued for was the proper debt of the person upon whom such service was made, we think the rule a reasonable and proper one, that the party must object to the

10*

misnomer by a plea in abatement of the writ, or be taken to have waived that objection.

Any party who has been really misled by the mistake in the name set forth in the writ, and has been prejudiced thereby, may always apply to the court for a review, and a supersedeas of any execution that may have been issued on a judgment on such process.

The ruling of the court of common pleas was correct, and a verdict was properly rendered for the defendant.

*Exceptions overruled*